UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Case No. |
| El Paso Corporation, El Paso CGP Company LLC, El Paso Exploration & Production Co., Rodney D. Erskine, Randy L. Bartley, Steven L. Hochstein, John D. Perry and Bryan T. Simmons, | : |
| Defendants. | : |

### **FINAL JUDGMENT AS TO DEFENDANT EL PASO CORPORATION**

The Securities and Exchange Commission having filed a Complaint and Defendant El Paso Corporation ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by:

(a) failing to file with the Commission:

(1) such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, and

(2) such annual and quarterly reports as prescribed by Commission Rules 13a-1 and 13a-13; or

(b) failing to add to any statement or report filed pursuant to Section 12 of the Exchange Act such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading as described in Rule 12b-20.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at

reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant El Paso Corporation is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 28, 2008

_Lee H. Rosenthal_
UNITED STATES DISTRICT JUDGE

Approved as to form:

_____
Joseph A. Cialone, Esq.
Baker Botts LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1261
ATTORNEY FOR DEFENDANT

_____
J. Kevin Edmundson
Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
ATTORNEY FOR PLAINTIFF