UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> El Paso Corporation, El Paso CGP Company LLC, : <br> El Paso Exploration & Production Co., : <br> Rodney D. Erskine, Randy L. Bartley, : <br> Steven L. Hochstein, John D. Perry : <br> and Bryan T. Simmons, : <br> Defendants. : <br> : <br> : | Case No. |

## FINAL JUDGMENT AS TO DEFENDANT STEVEN L. HOCHSTEIN

The Securities and Exchange Commission, having filed a Complaint, and Defendant Steven L. Hochstein ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

"Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act and Rules 13b2-1 and 13b2-2 thereunder [15 U.S.C. § 78m(b)(5) and 17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

(1) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act;

(2) directly or indirectly falsifying or causing to be falsified, any book, record or account subject to section 13(b)(2)(A) of the Exchange Act; or

(3) making or causing to be made a materially false or misleading statement, or by omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(a) any required audit, review or examination of the financial statements of an issuer; or

  (b)  the preparation or filing of any document required to be filed with the Commission.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13, and 240.12b-20], by knowingly providing substantial assistance to any issuer that files with the Commission any annual or quarterly report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13], which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which such statements were made, not misleading, or which omits to disclose any information required to be disclosed.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail,

accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rules 15d-1, 15d-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.15d-1, 240.15d-13, and 240.12b-20], by knowingly providing substantial assistance to any issuer that files with the Commission any annual or quarterly report required to be filed with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)] and Rules 15d-1, 15d-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.15d-1, 240.15d-13, and 240.12b-20], which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which such statements were made, not misleading, or which omits to disclose any information required to be disclosed.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $40,000 pursuant to pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. §77t(d)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. §78u(d)]. Defendant shall satisfy this obligation by paying $40,000 certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission according the following schedule: $10,000 within 10 days of the entry of the Final Judgment; $10,000, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961, within three months of entry of the Final Judgment; $10,000, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961, within six months of entry of the Final Judgment; $10,000, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961, within nine months of entry of the Final Judgment; and $10,000, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961, within twelve months of entry of the

Final Judgment. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Steven L. Hochstein as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.. If Defendant fails to make any payment according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, shall become due and payable immediately.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Steven L. Hochstein is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 28, 2008

_____
UNITED STATES DISTRICT JUDGE

Final Judgment as to Steven L. Hochstein
Page-8

Approved as to form:

_____
Eric Wade, Esq.
Porter & Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6655
ATTORNEY FOR DEFENDANT

_____

SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Attorney for Plaintiff